NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MOHSSINE BAKKAOUI, | |
| Petitioner, | |
| v. | Civil Action No. 13-1877 (KM) |
| ROY L. HENDRICKS, | **OPINION** |
| Respondent. | |

On March 25, 2013, Petitioner Mohssine Bakkaoui ("Petitioner"), then a pre-removal-order alien detainee, filed a Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging his detention. (D.E. No. 1). Petitioner asserted that he was being unlawfully held in custody as a result of Respondents' erroneous interpretation of the mandatory detention provision contained in § 236(c) of the Immigration and Nationality Act, codified as 8 U.S.C. § 1226(c).

On April 16, 2013, this Court stayed the matter pending the decision of the United States Court of Appeals for the Third Circuit in Sylvain v. Holder, U.S.C.A. Index No. 11-3357 (3d Cir. docketed Aug. 31, 2011). On April 22, 2013, the Court of Appeals entered its decision, which resolved the issue raised by Petitioner here. The Third Circuit, interpreting 8 U.S.C. § 1226(c), held that immigration officials do not lose authority to impose mandatory detention even if they fail to do so "when the alien is released' from criminal custody. See Sylvain v. AG of the United States, -- F.3d --, 2013 U.S. App. LEXIS 7937 (3d Cir. Apr. 22, 2013). An alien therefore is not entitled to habeas relief

based on a claim, like that of Petitioner here, that the immigration officials delayed taking him or her into custody. See id.

In light of the Third Circuit's ruling in Sylvain, the Petition must be denied. The Court is cognizant, however, that Petitioner was without the benefit of Sylvain when he drafted his Petition; moreover, his status or circumstances may have changed in a manner that would provide a basis for an alternative habeas claim. Therefore, the Court will dismiss the Petitioner without prejudice to Petitioner raising a habeas challenge not precluded by Sylvain in a new and separate § 2241 petition.

An appropriate Order follows.

_____
KEVIN MCNULTY
United States District Judge

Dated: May 23, 2013